## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|                                  Plaintiff, | ) | |
| vs. | ) | CIV 10-32-JHP |
| | ) | |
| 1)DANNY L. LUCAS; | ) | |
| 2)DEBBIE L. LUCAS; | ) | |
| 3)FIRST NATIONAL BANK & TRUST | ) | |
| COMPANY, SHAWNEE, OKLAHOMA; | ) | |
| 4)FIRST UNITED BANK & TRUST | ) | |
| COMPANY, HOLDENVILLE, OKLAHOMA; | ) | |
| 5)JERRY WILSON; | ) | |
| 6)SUSAN BROWN; | ) | |
| 7)BOARD OF COUNTY COMMISSIONERS | ) | |
| OF HUGHES COUNTY, OKLAHOMA, and | ) | |
| 8)COUNTY TREASURER OF HUGHES | ) | |
| COUNTY, OKLAHOMA; | ) | |
|                                  Defendants. | ) | |

## JOURNAL ENTRY OF JUDGMENT

This matter comes on to be heard this 22nd day of September, 2010, upon the issues in plaintiff's complaint filed herein; the plaintiff, United States of America, appearing by Jeanette Windsor, Assistant United States Attorney for the Eastern District of Oklahoma; the defendant, First United Bank and Trust of Holdenville, Oklahoma, appearing by its attorney, Harold E. Heath; the defendant, County Treasurer of Hughes County, Oklahoma, appearing by their attorney, Linda Evans; the defendant, Board of County Commissioners of Hughes County, Oklahoma having filed its disclaimer, the Court carefully inspects and examines the files, records, and processes herein and finds that subsequent to the filing of plaintiff's complaint in this action, the defendant, Jerry Wilson, was served by publication, pursuant to an Order of this Court, and said Order was published in the

Holdenville News for six (6) consecutive weeks as verified by the Affidavit of Publication filed herein, all in compliance with statutes.

The Court conducted a judicial inquiry into the sufficiency of plaintiff's search to determine the names and whereabouts of the defendant who was served herein by publication, and based upon the evidence adduced the Court finds that plaintiff has exercised due diligence and has conducted a meaningful search of all reasonably available sources at hand. The Court approves the publication service given herein as meeting both statutory requirements and the minimum standard of state and federal due process; and that pursuant to the requirements of 28 U.S.C. §1655, more than 20 days has passed; the Court further finds that said defendant has made default and by reason thereof, plaintiff's complaint should be and is hereby taken as confessed by said defendant; the Court further finds that plaintiff has fully complied with the Soldiers and Sailors Civil Relief Act of 1940 and the amendments thereto, and that upon motion and affidavit properly filed therefor, this Court has made and entered its Order directing that judgment by default be entered against the defendant not appearing or otherwise answering plaintiff's complaint, and such Order is filed herein.

The defendants, Danny L. Lucas, Debbie L. Lucas, Susan Brown, and First National Bank & Trust Company of Shawnee, Oklahoma, were served with summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, more than twenty (20) days prior to this date; the Court further finds that said defendants have made default and by reason thereof, plaintiff's complaint should be and is hereby taken as confessed by said defendants; the Court further finds that plaintiff has fully complied with the Soldiers and Sailors Civil Relief Act of 1940 and the amendments thereto, and that upon motion and affidavit properly filed therefor, this Court has made

2

and entered its Order directing that judgment by default be entered against the defendants not appearing or otherwise answering plaintiff's complaint, and such Order is filed herein.

NOW, the Court proceeds instanter to consider plaintiff's complaint, and carefully examines the exhibits attached thereto, including the notes, real estate mortgages, and security agreements and upon conclusion, after being fully advised in the premises both as to the facts and the law, finds and adjudges the plaintiff has fully sustained all of the allegations of its complaint; the Court further finds that the plaintiff is entitled to and is hereby given a judgment against the defendants, Danny L. Lucas and Debbie L. Lucas, as prayed for in plaintiff's complaint.

And the Court more specifically finds:

That Danny L. Lucas and Debbie L. Lucas, on or about the following dates and in the indicated amounts, executed and delivered to plaintiff a total of two promissory notes as follows:

| Instrument | Date | Amount | Interest | Number of Installments |
|---|---|---|---|---|
| Note | 05-16-02 | $ 75,167.89 | 5% | 5 |
| Note | 05-16-02 | $100,738.30 | 5% | 38 |

Further, that in order to secure the payment of said promissory notes, the makers thereof, made, executed and delivered to plaintiff, their certain real estate mortgages that were dated and filed as follows:

| Instrument | Filed | Book | Page |
|---|---|---|---|
| Mortgage | 10-26-00 | 937 | 559 |
| Mortgage | 05-20-02 | 961 | 235 |

Said mortgages conveyed and mortgaged to plaintiff the following described real property situated in Hughes County, Oklahoma, to-wit:

3

**The SW4 NW4 NE4 and the E2 NW4 NE4 and all that part of the W2 SW4 NE4 and the NE4 SW4 NE4 of Section 10, Township 6 North, Range 8 East of I.M., lying North and West of the St. Louis & San Francisco Railroad Right of Way; and all that part of the NE4 NE4 of Section 10, Township 6 North, Range 8 East of I.M., lying North and West of St. Louis & San Francisco Railroad Right of Way, LESS AND EXCEPT a tract containing 3/4 of an acre, more or less, lying in the NE corner of said NE4 NE4 of said Section 10, more particularly described as follows: Beginning at NE corner of said NE4 NE4 of said Section 10; thence running West along Section line a distance of 210 feet; thence running at right angle in a Southerly direction to the St. Louis & San Francisco Railroad Right of Way; thence running in an Northeasterly direction to the East Section line of said Section 10; thence running North to the point of beginning, LESS AND EXCEPT all interest in and to all minerals and mineral rights, including oil and gas**

**AND**

**The Southwest Half of Lot Five (5), which joins Lot Four (4) and having a frontage of 50 feet on Broadway (formerly Cedar Street) and a depth of 140 feet to an alley and a uniform width of 50 feet, in block Fifty Eight (58), City of Holdenville.**

As collateral security for payment of the above listed promissory notes, the defendants, Danny L. Lucas and Debbie L. Lucas, executed and delivered to plaintiff certain security agreements thereby creating in favor of the plaintiff, a security interest in certain crops, livestock, farm equipment and motor vehicles described therein.

The security interest of plaintiff in said property was perfected by Financing Statements filed with the County Clerks of the following counties on the dates indicated, and under the file numbers indicated.

| Type | Date | Filed | County | File Number |
|---|---|---|---|---|
| Financing Statement | 10-18-00 | 10-18-00 | Hughes | 646 |
| Financing Statement | 10-13-05 | 10-13-05 | Oklahoma | E2005012540120 |
| EFS-1 | 10-20-00 | 10-20-00 | Secretary of State | 0005978 |
| EFS-2 | 10-17-05 | 10-17-05 | Secretary of State | 200005978-C |

That the said defendants have defaulted in the payments provided in said notes, mortgages and security agreements, and have not paid the same in the amounts and at the times they agreed to pay the same, and by reason thereof, there is now due and owing the principal sum of $150,274.00, plus interest accrued through January 13, 2010, in the amount of $37,425.51, plus interest from that date at the daily rate of $20.5854 until the date of judgment, and thereafter at the legal rate until paid in full, plus all costs and future costs of this action, including maintenance and protection fees; that by reason of the aforementioned default, plaintiff has elected to declare the entire principal balance and accrued interest thereon due and payable at once.

Further, that the said mortgages expressly provide that if the borrowers default in the payment of the debt secured thereby, the mortgagee may foreclose said mortgage and sell the mortgaged property at foreclosure sale and apply the proceeds from such sale on the said debt; and that appraisement of said premises is expressly waived or not waived at the option of the mortgagee; and that plaintiff mortgagee states that it desires to have said real property sold with appraisement.

Further, that the defendant, County Treasurer of Hughes County, Oklahoma, is claiming some right, title, and interest in and to the property which is the subject of this action. However, the ad valorem taxes in the amount of $667.57 have been paid, and now, no ad valorem taxes are due and owing.

Further, that the defendant, County Treasurer of Hughes County, Oklahoma, is claiming some right, title, and interest in and to the property which is the subject of this action by virtue of a tax lien obtained against the defendants, in the amount of $51.45 for unpaid personal property taxes, but that said tax lien is junior and inferior to the mortgage lien of the plaintiff.

Further, that the defendant, First United Bank & Trust Company, is claiming some right, title, and interest in the property which is subject of this action by virtue of a mortgage on the following real estate from the defendants, Danny L. Lucas and Debbie L. Lucas, dated June 1, 1999:

> **The Southwest Half of Lot Five (5), which joins Lot Four (4) and having a frontage of 50 feet on Broadway (formerly Cedar Street) and a depth of 140 feet to an alley and a uniform width of 50 feet, in block Fifty Eight (58), City of Holdenville.**

The outstanding balance is the sum of $6,910.78, plus interest accruing at $1.56202 per day; but that said lien is prior and superior to the mortgage lien of the plaintiff.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:**

1. That the plaintiff have judgment against the defendants, Danny L. Lucas and Debbie L. Lucas.

2. That the mortgage lien of the plaintiff, United States of America, on the following described property:

> **The SW4 NW4 NE4 and the E2 NW4 NE4 and all that part of the W2 SW4 NE4 and the NE4 SW4 NE4 of Section 10, Township 6 North, Range 8 East of I.M., lying North and West of the St. Louis & San Francisco Railroad Right of Way; and all that part of the NE4 NE4 of Section 10, Township 6 North, Range 8 East of I.M., lying North and West of St. Louis & San Francisco Railroad Right of Way, LESS AND EXCEPT a tract containing 3/4 of an acre, more or less, lying in the NE corner of said NE4 NE4 of said Section 10, more particularly described as follows: Beginning at NE corner of said NE4 NE4 of said Section 10; thence running West along Section line a distance of 210 feet; thence running at right angle in a Southerly direction to the St. Louis & San Francisco Railroad Right of Way; thence running in an Northeasterly direction to the East Section line of said Section 10; thence running North to the point of beginning, LESS AND EXCEPT all interest in and to all minerals and mineral rights, including oil and gas**

be and the same is hereby established as a first, prior and superior lien on the real estate and premises hereinbefore described, and that such mortgage lien be and the same is hereby ordered

foreclosed, and the mortgaged property is hereby ordered appraised and sold by Judicial Sale in the manner provided by said mortgage and by the provisions of Title 28 U.S.C. §2001 et seq.

3. That the mortgage lien of the plaintiff, United States of America, on the following described property:

**The Southwest Half of Lot Five (5), which joins Lot Four (4) and having a frontage of 50 feet on Broadway (formerly Cedar Street) and a depth of 140 feet to an alley and a uniform width of 50 feet, in block Fifty Eight (58), City of Holdenville.**

be and the same is hereby established as a second lien on the real estate and premises hereinbefore described to that of the defendant, First United Bank & Trust Company, and that such mortgage lien be and the same is hereby ordered foreclosed, and the mortgaged property is hereby ordered appraised and sold by Judicial Sale in the manner provided by said mortgage and by the provisions of Title 28 U.S.C. §2001 et seq.

4. That should a sale and confirmation occur, the defendants, Danny L. Lucas, Debbie L. Lucas, First National Bank & Trust Company of Shawnee, Oklahoma, Susan Brown, Jerry Wilson, First United Bank & Trust Company, Board of County Commissioners of Hughes County, Oklahoma and the County Treasurer of Hughes County, Oklahoma and each of them, have no right, title, or interest in or to said mortgaged real property, or any part thereof; and that said defendants, and each of them, and all persons claiming by, through or under them, be and are hereby perpetually barred, restrained and enjoined from ever claiming or asserting any right, title or interest in or to the said mortgaged property, hereinbefore described, which is adverse or hostile to the purchaser at sale.

5. That any one in possession of subject property should relinquish possession upon the receiving of the journal entry of judgment. If such possession is not relinquished at that time, a Writ of Assistance will be issued.

6. That the proceeds from the sale of said mortgaged property,

**The SW4 NW4 NE4 and the E2 NW4 NE4 and all that part of the W2 SW4 NE4 and the NE4 SW4 NE4 of Section 10, Township 6 North, Range 8 East of I.M., lying North and West of the St. Louis & San Francisco Railroad Right of Way; and all that part of the NE4 NE4 of Section 10, Township 6 North, Range 8 East of I.M., lying North and West of St. Louis & San Francisco Railroad Right of Way, LESS AND EXCEPT a tract containing 3/4 of an acre, more or less, lying in the NE corner of said NE4 NE4 of said Section 10, more particularly described as follows: Beginning at NE corner of said NE4 NE4 of said Section 10; thence running West along Section line a distance of 210 feet; thence running at right angle in a Southerly direction to the St. Louis & San Francisco Railroad Right of Way; thence running in an Northeasterly direction to the East Section line of said Section 10; thence running North to the point of beginning, LESS AND EXCEPT all interest in and to all minerals and mineral rights, including oil and gas**

be applied as follows:

FIRST: To the payment of costs of this action, including service by publication in the amount of $559.05, and the cost of foreclosure sale;

SECOND: To the satisfaction of the judgment in favor of the plaintiff, in the amount of $150,274.00 plus interest through January 13, 2010, in the amount of $37,425.51 plus interest from that date at the daily rate of $20.5854, until the date of judgment, plus interest from the date of judgment at the legal rate of  0.26%  per annum computed daily and compounded annually until paid in full, plus all costs and future costs of this action; including maintenance and protection fees;

THIRD: To the satisfaction of the judgment in favor of the defendant, the County Treasurer of Hughes County, Oklahoma in the amount of $51.45 for unpaid personal property taxes;

FOURTH: The residue, if any, to be paid into the office of the Clerk of this Court to abide the further Order of this Court.

7. That the proceeds from the sale of said mortgaged property

**The Southwest Half of Lot Five (5), which joins Lot Four (4) and having a frontage of 50 feet on Broadway (formerly Cedar Street) and a depth of 140 feet to an alley and a uniform width of 50 feet, in block Fifty Eight (58), City of Holdenville.**

be applied as follows:

FIRST: To the payment of costs of this action, including service by publication in the amount of $559.05, and the cost of foreclosure sale;

SECOND: To the satisfaction of the judgment in favor of the defendant, First United Bank & Trust the sum of $6,910.78, plus interest accruing at $1.56202 per day;

THIRD: To the satisfaction of the judgment in favor of the plaintiff, in the amount of $150,274.00 plus interest through January 13, 2010, in the amount of $37,425.51 plus interest from that date at the daily rate of $20.5854, until the date of judgment, plus interest from the date of judgment at the legal rate of  0.26%  per annum computed daily and compounded annually until paid in full, plus all costs and future costs of this action; including maintenance and protection fees;

FOURTH: To the satisfaction of the judgment in favor of the defendant, County Treasurer of Hughes County, Oklahoma in the amount of $51.45 for personal property taxes;

FIFTH: The residue, if any, to be paid into the office of the Clerk of this Court to abide the further Order of this Court.

DATED this 22nd day of September, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

USA v Lucas
CIV 10-32-JHP
Journal Entry


SHELDON J. SPERLING
United States Attorney



S/JEANETTE WINDSOR
JEANETTE WINDSOR O.B.A. 16939
Assistant U.S. Attorney
1200 West Okmulgee
Muskogee, Oklahoma 74401
918-684-5100
918-684-5130 - fax
jeanette.windsor@usdoj.gov

USA v Lucas
CIV 10-32-JHP
Journal Entry


S/ROB L. PYRON
ROB L. PYRON O.B.A. 7362
P O Box 1663
207 East Oak
Seminole OK 74818-1663
405-382-3750
405-382-3754
robpyron@robpyron.com
Attorney for Danny L. Lucas & Debbie L. Lucas

USA v Lucas
CIV 10-32-JHP
Journal Entry


S/HAROLD E. HEATH
HAROLD E. HEATH O.B.A. 4034
103 West Main
P O Box 472
Holdenville OK 74848
405-379-5445
405-379-5446 - fax
Attorney for First United Bank & Trust Company

USA v Lucas
CIV 10-32-JHP
Journal Entry


<u>BOARD OF COUNTY COMMISSIONERS</u>
Defendant

<u>COUNTY TREASURER                         </u>
Defendant

<u>S/LINDA EVANS                          </u>
LINDA EVANS O.B.A. 10316
Assistant District Attorney
Hughes County Courthouse
P O Box 350
Holdenville OK 74848
405-379-5459